Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| ARDIS A. MAUNE, | ) |
|           Plaintiff, | ) Case No. C06-05083-RBL |
| v. | ) PROTECTIVE ORDER |
| BANKERS LIFE & CASUALTY COMPANY; | ) |
| GARY A. DOWNING; and | ) |
| RICHARD E. CARTER, | ) |
|           Defendants. | ) |

Pursuant to Fed. R. Civ. P. 26( c), it is hereby ordered that:

1. <u>Confidential Information</u>.  Any party who is required to produce documents or information in discovery in this litigation ("Producing Party") may designate materials produced as "Confidential" pursuant to this Protective Order.  All "Confidential" designations must be based on the good faith belief that the information constitutes (a) proprietary or sensitive business, personal, medical or financial information; or (b) information subject to a legally protected right of privacy which has not been waived.

2. <u>Designation of Information Produced</u>.

   a. Any documents or things deemed confidential under paragraph 1 by the

Producing Party shall be marked or stamped "Confidential."

      b.  Stamping or making material as set forth in paragraph 2(a) shall constitute certification by the Producing Party subject to Rule 26 that it reasonably believes good cause exists to designate the material as confidential pursuant to this Protective Order.

  3.  <u>Confidential Information Restrictions</u>.  Confidential documents or the information contained therein shall not be disclosed, except by the prior written consent of the Producing Party or pursuant to a further order of this court, to any personal other than:

      a.  The parties' attorneys of record and the attorneys' (or the attorneys' law firm's) employees and associates, and the attorneys for the parties' insurance carriers.

      b.  Experts and consultants retained by the attorneys for any party solely for purposes of assisting in this litigation; provided that, prior to disclosure to such expert or consultant, such expert or consultant first executes the undertaking as set forth below in paragraph 4.

      c.  Actual or potential deposition or trial witnesses in this action, to the extent reasonably necessary to prepare the witness to testify concerning this case so long as no medical information concerning any individual is disclosed.

      d.  Officers of this court and their supporting personnel, or officers of any appellate court to which any appeal may be taken or in which review is sought.

      e.  Any party or representative (including representatives of the parties insurer), agent, or employee of the Receiving Party.

  4.  <u>Undertaking</u>.  No disclosure of any Confidential documents or the information contained therein shall be made to any person, specified in paragraphs 3(b) and 3( c), unless the person to whom disclosure is to be made has signed, prior to any disclosure of

Confidential documents or the information contained therein, an undertaking in the form attached as Appendix A.

5. <u>Submission to Court</u>.  All Confidential documents or the information contained therein, and any pleading or paper containing Confidential documents or the information therein, filed with this court shall be filed in a sealed envelope marked with the name of the court, the civil number, and the title or style of this action and further with the legend.

> "CONFIDENTIAL – Filed Under Seal Pursuant to Protective Order entered _____, 200__.  This envelope may be opened upon order of or under the authority of the court."

DATED this ___ day of _____, 200__.

6. <u>Objection to Designation/Court Discretion</u>.

   a.  Any party may contest the designation of any document or information as Confidential.  The parties shall confer in good faith to resolve any such disagreements.  This court shall determine any unresolved disputes using the same standards as if the Producing Party had applied for a protective order under the Federal Rules of Civil Procedure and related law.

   b.  The court is not bound by any stipulations as to Confidential documents or the information contained therein, Confidential designations or filings by any party.  Instead, it may review any such stipulations, designations and filings by the standards set out in the Federal Rules of Civil Procedure and the Local Rules of this court.

7. <u>Objections to Discovery</u>.  Nothing in this Protective Order shall preclude the parties from asserting any objection to the production of documents or information based on the attorney-client privilege, the work produce doctrine, or on the grounds that the documents or information sought are not relevant or likely to lead to the discovery of admissible evidence.

8. <u>Return</u>.  No later than thirty (30) days after the conclusion of this action, all tangible Confidential documents, and all copies of Confidential documents or any derived summaries, memoranda, or other records containing Confidential information shall be destroyed or returned to counsel for the Producing Party, provided, however, that each party's attorneys may maintain one complete copy of the Confidential documents for their office files.  To the extent each party's attorneys maintain a copy of the Confidential documents for their office files, the Stipulated Protective Order shall remain in effect.

9. <u>Producing Party's Use</u>.  Nothing in this Protective Order shall limit any party or person in the use of its own documents, things, and/or information for any purpose, or from disclosing any of its own information to any person, or from consenting to the disclosure of any of its own information by the other party.

10. <u>General Statements About the Lawsuit</u>.  Nothing in this order shall limit any party or person in the use of its own documents, things, and/or information for any purpose, or from disclosing any of its own information to any person, or from consenting to the disclosure of any of its own information by the other party.

11. <u>Modification</u>.  This order shall not prevent any party from later seeking to modify its terms.

DATED this <u>21</u>st <u>day of December,</u> 2006.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

Presented by:

STORZ & ASSOCIATES, PLLC


by *Edwin N. Storz*
   Edwin N. Storz, WSBA No. 14161


Approved as to Form:
Notice of Presentation Waived:

HUFFER & WEATHERS, P.C.


by *Steven K. Huffer*
   Steven K. Huffer, Admitted Pro Hac Vice



MONTE E. HESTER LAW OFFICES


by *Brett A. Purtzer*
   Brett A. Purtzer, WSBA#17283



  *James L. Rosenberger*
James J. Rosenberger, WSBA#16043

# APPENDIX A

## UNDERTAKING

I acknowledge that I, _____,

_____ (place and position of employment), am about to receive confidential information supplied by _____ (party).  I certify that I understand that such confidential information will be provided to me pursuant to the terms and restrictions of the Protective Order of _____, 2006, in Ardis A. Maune v. Banker's Life & Casualty Company, et al., Civil Case No. C06-05083-RBL in the United States District Court for the Western District of Washington, at Tacoma.  I further represent that I have been given a copy of and have read that Protective Order, and that I agree to be bound by all of its applicable terms.  I also understand that documents and/or information having a confidential designation, and all copies, summaries, notes and other records that may be made regarding such documents and/or information, shall be disclosed to no one other than persons qualified under the Protective Order to have access to such information.

I understand and acknowledge that violation of this Undertaking or the Protective Order may be punishable by contempt of court.

_____        _____
DATE                                                                   Signature